■ In the Matter of FRANK OTTAVIANO et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents.— Judgment, Supreme Court, New York County (David H. Edwards, Jr., J.), entered June 13, 1991, which dismissed petitioners' CPLR article 78 proceeding, challenging a determination by respondents finding that six bids and contracts for boiler replacements at six Federally funded housing projects need not be separately specified for "plumbing, heating and electrical" work, unanimously affirmed, without costs.

Petitioners, a not-for-profit industry board and a plumbing contractor, commenced this article 78 proceeding alleging that respondent New York City Housing Authority (NYCHA) violated Public Housing Law § 151-a when the agency failed to propose and award separate contracts for plumbing, heating and electrical work for six public housing projects scheduled to undergo boiler replacement. While it is true that Public Housing Law § 151-a requires separate specifications for certain types of work involved in the construction or alteration of buildings, we uphold respondent NYCHA's determination that the replacement or upgrading of old boilers does not fall within the purview of the statute. Strict construction is to be applied to competitive bid statutes (*Matter of Marino v Town of Ramapo*, 68 Misc 2d 44). As the respondent agency's interpretation of the statute is both rational and necessary to effectuate the statutory purpose, no basis exists to disturb it.

We have considered petitioners' remaining arguments and find them to be without merit. Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.